UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**PAULETTE ROCHELLE BEHM,**

    Plaintiff,

v.                                                            Case No: 5:12-cv-572-Oc-PRL

**COMMISSIONER OF SOCIAL SECURITY**

    Defendant.

## ORDER

This matter is before the Court on Defendant's Opposed Motion for Entry of Judgment with Remand (Doc. 23). Although Defendant's Rule 3.01(g) certification advises that Plaintiff objects to the Commissioner's request for remand, Plaintiff has *not* filed a response to Defendant's motion and her time for doing so has passed. Thus, the Court deems Defendant's Motion (Doc. 23), *unopposed*.[1]

Defendant requests that the Court remand this case to the Commissioner for the following reasons:

> The Commissioner believes that remand would be appropriate in this case for an administrative law judge to determine the physical and mental demands of Plaintiff's past relevant work and whether Plaintiff's residual functional capacity would permit her to meet the physical and mental demands of that work.

Pursuant to Title 42, United States Code, Section 405(g), the Court is empowered to reverse the decision of the Commissioner with or without remanding the cause for a rehearing. *Shalala v. Schaefer*, 113 S.Ct. 2625 (1993). The failure of the ALJ to develop the record

---

[1] Notably, the parties consented to have a United States magistrate judge conduct all proceedings in this case, which was approved by the District Judge. (Docs. 22, 24).

constitutes sufficient grounds for remand. *Brisette v. Heckler*, 730 F.2d 548 (8th Cir. 1984), *appeal after remand* 613 F. Supp. 722 (E.D. Mo. 1985), *judgment aff'd in part, rev'd in part*, 784 F.2d 864 (8th Cir. 1986). Where the district court cannot discern the basis for the Commissioner's decision, a sentence-four remand may be appropriate to allow him to explain the basis for his decision. *Falcon v. Heckler*, 732 F.2d 827, 829-30 (11th Cir. 1984) (holding remand was appropriate to allow the ALJ to explain the basis for the determination that the claimant's depression did not significantly affect her ability to work and treating psychologist acknowledged that claimant had improved in response to treatment and could work in a supportive, noncompetitive, tailor-made work environment). On remand under sentence four, the ALJ should review the case on a complete record, including any new material evidence. *Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983) (finding that it was necessary for the ALJ on remand to consider psychiatric report tendered to Appeals Council); *Reeves v. Heckler*, 734 F.2d 519, 522 n. 1 (11th Cir. 1984) (holding that the ALJ should consider on remand the need for an orthopedic evaluation).

Following a careful review of the record and in light of the unopposed motion, the Court agrees that it is appropriate to remand this matter to the Commissioner. Accordingly, it is **ORDERED AND ADJUDGED** that:

(1) Defendant's Motion (Doc. 23) is **GRANTED**.

(2) This action is **REVERSED AND REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g)[2] to the Commissioner for the following reason:

---

[2] Remand pursuant to sentence four of § 405(g) makes Plaintiff a prevailing party for purposes of the Equal Access to Justice Act, 28 U.S.C. § 2412, and terminates the Court's jurisdiction over this matter. *Shalala v. Schaefer*, 113 S.Ct. 2625 (1993).

> The Commissioner believes that remand would be appropriate in this case for an administrative law judge to determine the physical and mental demands of Plaintiff's past relevant work and whether Plaintiff's residual functional capacity would permit her to meet the physical and mental demands of that work.

(3) The **Clerk is directed** to enter judgment accordingly, terminate any pending motions, and close the file.

(4) The deadline to file a motion for attorney's fees pursuant to 42 U.S.C. § 406(b) shall be thirty (30) days after Plaintiff receives notice from the Social Security Administration of the amount of past due benefits awarded. Upon receipt of the notice, counsel for Plaintiff shall promptly email Mr. Rudy and the OGC attorney assigned to the case to advise that the notice has been received.

**IT IS SO ORDERED**

**DONE** and **ORDERED** in Ocala, Florida on June 12, 2013.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record