UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**PAULETTE ROCHELLE BEHM,**

    Plaintiff,

v.                                                  Case No: 5:12-cv-572-Oc-PRL

**COMMISSIONER OF SOCIAL SECURITY**

    Defendant.

## ORDER

This case is before the Court for consideration of Petitioner Chantal Harrington's Motion for Attorney Fees pursuant to 42 U.S.C. § 406(b), to which Defendant has responded stating that the Commissioner has no opposition. (Docs. 29, 31).

On June 12, 2013, the Court entered an order pursuant to sentence four of 42 U.S.C. § 405(g) granting the Commissioner's Motion for Entry of Judgment with Remand, and reversing and remanding the case to the Social Security Administration for further proceedings. (Doc. 25). Judgment was entered on June 13, 2013. (Doc. 26). Subsequently, on September 25, 2013, the Court entered an order awarding attorney's fees to Plaintiff's counsel under the Equal Access to Justice Act ("EAJA") in the sum of $3,701.71, for 20.1 hours of attorney time for representing Plaintiff. (Doc. 28).

Thereafter, on remand, Plaintiff's case was assigned to Administrative Law Judge Arnold, who entered a fully favorable decision on March 1, 2014. (Ex. 2 to Doc. 29). Plaintiff was awarded past due benefits in an amount totaling over $45,300.00. (Ex. 4 to Doc. 29). The Commissioner withheld in escrow $11,333.25 of the award of past due benefits to secure payment

- 2 -

of attorney's fees. Petitioner states that Attorney Claudeth Henry, who represented Plaintiff at the administrative level, has already received a fee of $6,000 pursuant to 42 U.S.C. § 406(a) for work representing Plaintiff at the administrative level. Consequently, after this payment, the Social Security Administration continues to hold the remainder, $5,333.25, in escrow. Plaintiff's counsel on appeal, Chantal Harrington, now seeks payment of that amount for her work representing Plaintiff. Ms. Harrington acknowledges that she must refund Plaintiff the $3,703.71 EAJA fee award because it is the smaller of the two awards. *See* Public Law 99-80, §3, 99 Stat. 183, 186 (1985).

In support of the motion, Petitioner has filed a copy of the fee agreement between Attorney Harrington and Plaintiff. (Ex. 3 to Doc. 29). The Commissioner also filed a response advising the Court that the Commissioner is not opposed to the requested fees under 42 U.S.C. § 406(b) in the amount of $5,333.25. (Doc. 31.)

Under 42 U.S.C. § 406(b)(1), an attorney, as here, who successfully represents a Social Security claimant in court may be awarded as part of the judgment "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits" awarded to the claimant. The fee is payable "out of, and not in addition to, the amount of [the] past-due benefits." 42 U.S.C. Sec 406(b)(1). As required by *Gisbrecht v. Barnhardt,* 535 U.S. 789, 808 (2002) - the Supreme Court's pronouncement concerning the award of 406(b) fees - courts should approach contingent-fee determinations by first looking to the agreement between the attorney and the client, and then testing that agreement for reasonableness. "A contingent-fee agreement is not per se reasonable. Deference should be given, however, to the 'freely negotiated expression both of a claimant's willingness to pay more than a particular hourly rate ... and of an attorney's willingness

to take the case despite the risk of nonpayment." *Joslyn v. Barnhart*, 389 F.Supp.2d 454, 456 (W.D. N.Y. 2005).

As such, when a court is called upon to assess the reasonableness of the award, a court should balance the interest in protecting claimants from inordinately large fees against the interest in ensuring that attorneys are adequately compensated so that they continue to represent clients in disability benefits cases. *Gisbrecht*, 535 U.S. at 805. In making this reasonableness determination, the Supreme Court highlighted several important factors including: (1) whether the requested fee is out of line with the "character of the representation and the results the representation achieved;" (2) whether the attorney unreasonably delayed the proceedings in an attempt to increase the accumulation of benefits and thereby increase his own fee; and (3) whether "the benefits awarded are large in comparison to the amount of time counsel spent on the case," the so-called "windfall" factor. *Id.* at 808.

Here, the Court finds that the requested attorney's fees are reasonable. The requested fee will not result in a windfall for counsel – i.e., that counsel is receiving compensation she is not entitled to and that payment of the compensation would be unfair or detrimental to Plaintiff. The Commissioner does not oppose the attorney fee award requested by Plaintiff.

Accordingly, for these reasons, Plaintiff's Motion for Attorneys' Fees Under 42 U.S.C. § 406(b) is **GRANTED**. Section 406(b)(1) fees are approved for Plaintiff's counsel, Chantal J. Harrington, Esquire, in the sum of $5,333.25 to be paid out of the Plaintiff's past due benefits currently being withheld by the Social Security Administration. In addition, counsel for Plaintiff is directed to return to Plaintiff the sum of $3,703.71, representing the EAJA fees that previously were awarded to counsel by this Court.

- 4 -

    **DONE** and **ORDERED** in Ocala, Florida on July 9, 2014.

_____<br>
PHILIP R. LAMMENS<br>
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties